UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

No ___:_____-CV____-____

SHARON DAVIS,

    Plaintiff,

v.

    Civil Action No. _____

RSB EQUITY GROUP, LLC;
ROY MULLMAN, and
DOE 1-5

    Defendants.

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in collection efforts against Plaintiff while Plaintiff so resided.

1

## PARTIES

3. Plaintiff, Sharon Davis (hereinafter "Plaintiff" or "Ms. Davis"), is a natural person residing in Rocky Mount. North Carolina. Defendant, RSB EQUITY GROUP, LLC, is a limited liability company believed to maintain its principle place of business at 11175 Cicero Drive, Suite 100, in Alpharetta GA. ROY MULLMAN is the managing member of RSB EQUITY GROUP, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. RSB EQUITY GROUP, LLC, ROY MULLMAN, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. On June 3, 2013, Defendants began contacting Ms. Davis in an attempt to collect a consumer debt allegedly owed by Ms. Davis.

8. On June 10, 2013, after having received several calls at her place of employment, Ms. Davis advised Defendants of the prohibition of calling her at work. Ms. Davis specifically provided Defendants with her cell phone number for which to be contacted.

9. Defendants continued to call Ms. Davis at her place of employment, including on June 18, July 15, and 25, 2013.

10. Defendants threatened to garnish Ms. Davis's wages if she did not pay the alleged debt. Defendants also threatened to "verify" Ms. Davis's employment after repeatedly contacting her at her place of employment and having been advised of the prohibition of continuing to do so.

11. On July 15, 2013, Ms. Davis received a call from Carl Moore of RSB Equity Group, LLC. Mr. Moore, unable to extract a payment from Ms. Davis, transferred the call to Mr. Colby. Mr. Colby advised Ms. Davis that Morgan Taylor, another collection agent involved, had been let go due to her ill treatment of people.

12. Increasingly concerned with Defendants' calls to her place of employment and threats, Ms. Davis retained counsel with Centennial Law Offices.

13. On August 12, 2013, staff from Centennial Law Offices contacted Defendants and spoke with Morgan Taylor who was still working for Defendants.

14. On August 15, 2013, staff from Centennial Law Offices contacted Defendants and confirmed that no litigation was pending against Ms. Davis. A public records search also revealed no litigation pending for which Defendants could possibly garnish Ms. Davis's wages.

15. As a direct result of the collection activity herein alleged, Ms. Davis incurred legal fees of $2,655.00.

## CAUSES OF ACTION

### COUNT I

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d and 1692e, particularly subsections 1692e(5) and 1692e(10), with regards to Plaintiff as follows: (1) Defendants misrepresented and threatened Plaintiff that they would garnish her wages if she did not pay the debt; and (2) Defendants threatened to "verify" Plaintiff's place of employment after knowingly calling her at her place of employment and having the means to contact her on her cell phone as well.

### COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692f with regards to Plaintiff as follows: Defendants misrepresented and threatened Plaintiff that they would garnish her wages if she did not pay the debt.

### COUNT III

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by continuing to contact Plaintiff at her place of employment after being advised of the prohibition.

## COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e by misrepresenting to Plaintiff that debt collector Morgan Taylor was no longer working for Defendants; and (2) Defendants

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,655.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: May 27, 2014                     s/Robert Amador_____
                                       ROBERT AMADOR, ESQ.
                                       Attorney for Plaintiff Katrin Tratz
                                       Centennial Law Offices
                                       9452 Telephone Rd. 156
                                       Ventura, CA. 93004
                                       (888)308-1119 ext. 11
                                       (888)535-8267 fax

CA State Bar No. 269168
R.Amador@centenniallawoffices.com


s/Grieg Robertson Alley
GRIEG ROBERTSTON ALLEY, ESQ.
Attorney for Plaintiff Katrin Tratz
Alley, Register & McEachern
701 N 4th St.
Wilmington, NC 28401
Phone: (910) 251-0103
Fax: (910) 251-0209
State Bar No. 26418
griegalley@bellsouth.net
Local Civil Rule 83.1 Counsel