IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-301-D

| | |
|---|---|
| SHARON DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RSB EQUITY GROUP, LLC; ) | |
| ROY MULLMAN, and DOE 1–5, ) | |
| ) | |
| Defendants. ) | |

On December 8, 2015, Sharon Davis ("plaintiff" or "Davis") filed a second motion to enforce settlement agreement. See [D.E. 37]. Defendants RSB Equity Group, LLC and Roy Mullman ("defendants") did not respond. As explained below, the court grants Davis's motion and enforces the settlement agreement.

On May 27, 2014, Davis filed suit alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. See [D.E. 1]. On September 5, 2014, counsel for the parties began settlement discussions, and the parties ultimately agreed to resolve the case for $3,930.00. See [D.E. 38] ¶ 2. On September 12, 2014, defendant Roy Mullman executed a settlement agreement with Davis both in his personal capacity and as the owner/agent of RSB Equity Group, LLC. See id. ¶ 3; [D.E. 38-1] 3–4. Defendants agreed to pay Davis $3,930.00 in four installments between September and December 2014. See [D.E. 38] ¶ 3; [D.E. 38-1] 3–4. Upon receiving the full settlement payment, Davis agreed to dismiss her case with prejudice. See [D.E. 38] ¶ 3; [D.E. 38-1] 3–4.

Defendants did not make any of the agreed-upon settlement payments. See [D.E. 38] ¶ 4. As a result, Davis's counsel then engaged in numerous efforts to enforce the settlement agreement. See id. ¶ 5; [D.E. 38-2] ¶ 5. Davis thereby incurred $2,845.00 in additional attorney's fees and $135.00 in additional costs. See [D.E. 38-2, 38-3].

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). Before the district court enforces a settlement agreement, it must make two inquiries. Moore v. Beaufort Cty., 936 F.2d 159, 162 (4th Cir. 1991). First, the court must determine whether the parties in fact agreed to settle the action. Id. Second, the court then must discern the terms of the settlement. Id. If the parties agreed to settle and the terms are clear, a district court may enforce the settlement agreement. See id.; Hensley, 277 F.3d at 540; Millner v. Norfolk & W. Ry., 643 F.2d 1005, 1009 (4th Cir. 1981).

The parties agreed to settle this action and executed a settlement agreement. See [D.E. 38-1]. The settlement agreement's terms are clear: in exchange for defendants' four payments, plaintiff would dismiss the action with prejudice. See id. 3. Moreover, the settlement agreement states that, "[i]n the event of litigation relating to the subject matter of this Agreement, the non-prevailing party shall reimburse the prevailing party for reasonable attorney fees and costs." Id. 4.

Davis's motion to enforce seeks a judgment against defendants RSB Equity Group, LLC and Roy Mullman for $6,910.00. That figure encompasses the $3,930.00 from the settlement agreement plus $2,845.00 for Davis's additional attorney's fees and $135.00 in additional costs reasonably and necessarily incurred to enforce the settlement agreement. The court finds this amount proper, and awards Davis $6,910.00.

2

In sum, plaintiff's motion to enforce [D.E. 37] is GRANTED. Judgment SHALL ENTER for plaintiff Sharon Davis and against defendants RSB Equity Group, LLC and Roy Mullman for $6,910.00. Plaintiff's motions to seal [D.E. 39, 42] are DENIED.

SO ORDERED. This 8 day of February 2016.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge